IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| April Shuler, ) | C/A No.: 1:12-1083-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This appeal from a denial of social security benefits is before the court for a Report and Recommendation ("Report") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disabled Widow's Benefits ("DWB"). The two issues before the court are whether the Commissioner's findings of fact are supported by substantial evidence and whether she applied the proper legal standards. For the reasons that follow, the undersigned recommends that the Commissioner's decision be affirmed.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this lawsuit.

I.     Relevant Background[2]

    A.     Procedural History

On August 26, 2008, Plaintiff filed an application for DWB in which she alleged her disability began on July 15, 2008. Tr. at 107–08. Her application was denied initially and upon reconsideration. Tr. at 58–59. On December 17, 2010, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"). Tr. at 24–57 (Hr'g Tr.). The ALJ issued an unfavorable decision on January 18, 2011, finding that Plaintiff was not disabled within the meaning of the Act. Tr. at 9–23. Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 1–3. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on April 23, 2012. [Entry #1].

    B.     The ALJ's Findings

In his January 18, 2011, decision, the ALJ made the following findings of fact and conclusions of law:

1. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.
2. The prescribed period ends on September 30, 2013.

---

[2] The undersigned typically provides a detailed summary of a plaintiff's medical history and the testimony at the administrative hearing. However, Plaintiff's conclusory arguments and the comprehensive background provided in the Commissioner's brief [Entry #9] render such a summary superfluous in this case.

3. The claimant has not engaged in substantial gainful activity since July 15, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).
4. The claimant has the following severe impairment: depression, borderline personality disorder, mild arthritis in right knee, lumbar spine and hips, and decreased hearing (20 CFR 404.1520(c)).
5. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
6. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b), with lifting and carrying 20 pounds occasionally, 10 pounds frequently; occasional stooping, crouching, kneeling, crawling and climbing stairs or ramps; with no climbing of ladders, ropes or scaffolds; and no exposure to loud background noises. Additionally, she is limited to unskilled work with no required interaction with the public and only occasional "team-type" interaction with co-workers and no requirement to adapt to greater than simple gradual changes in the work place. If someone can do light work, we determine he or she can also do sedentary work.
7. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
8. The claimant was born on October 1, 1957 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).
9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
10. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
12. The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2008, through the date of this decision (20 CFR 404.1520(g)).

Tr. at 11–22.

II.     Discussion

Read liberally, Plaintiff's three-page brief alleges the Commissioner erred for the following reasons:

1)      The ALJ did not properly consider Plaintiff's mental impairments;

2)      The ALJ improperly considered Plaintiff's history of drug use; and

3)      The ALJ's decision is not supported by substantial evidence.

The Commissioner counters that substantial evidence supports the ALJ's findings and that the ALJ committed no legal error in his decision.

A.      Legal Framework

1.      The Commissioner's Determination-of-Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."[3]  42 U.S.C. § 423(a).  Section 423(d)(1)(A) defines disability as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

---

[3] The standard for determining whether a claimant qualifies for DWB is the same as the standard for disability insurance benefits claims.  *See* 20 C.F.R. § 404.335 (citing 20 C.F.R. § 404.1505).  In addition to determining whether Plaintiff was "disabled," other issues to be determined for purposes of eligibility for DWB are whether Plaintiff was the widow of a deceased wage earner, whether she attained the age of 50, whether she was unmarried or met one of the exceptions at 20 C.F.R. § 404.335(c)(3), and whether the disability began no later than seven years after the wage earner's death or seven years after Plaintiff was last entitled to survivor's benefits.  *Id.*  There is no dispute in this case that Plaintiff met these non-disability requirements for purposes of her DWB claim.

4

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether she has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[4] (4) whether such impairment prevents claimant from performing past relevant work ("PRW");[5] and (5) whether the impairment prevents her from doing substantial gainful employment. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at

---

[4] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, she will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that her impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[5] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

any step, no further inquiry is necessary.  20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if she can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work.  *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982).  The claimant bears the burden of establishing her inability to work within the meaning of the Act.  42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy.  To satisfy that burden, the Commissioner may obtain testimony from a vocational expert demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW.  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  If the Commissioner satisfies that burden, the claimant must then establish that she is unable to perform other work.  *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

        2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [] made after a hearing to which he was a party."  42 U.S.C. § 405(g).

The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that his conclusion is rational. *See Vitek*, 438 F.2d at 1157–58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

B.   Analysis

1.   The ALJ did not err in assessing Plaintiff's mental impairments.

Plaintiff alleges that the ALJ erred in not addressing her diagnosis of bipolar disorder. [Entry #8 at 1]. The Commissioner first notes that, giving Plaintiff's undeveloped arguments every conceivable benefit of the doubt, she appears to be arguing that the ALJ erred at steps two and three of the sequential evaluation process. [Entry #9 at 9]. The Commissioner then contends that the ALJ was not required to consider Plaintiff's alleged bipolar disorder at step two because it is not a medically-determinable impairment. *Id.* at 10. The Commissioner further argues that, in assessing Plaintiff's residual functional capacity ("RFC"), the ALJ properly considered her alleged bipolar disorder. *Id.* at 11–12.

At step two, the ALJ is tasked with identifying a claimant's severe impairments. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A non-severe impairment is defined as one that "does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). A severe impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms[.]"  20

8

C.F.R. § 404.1508.  It is the claimant's burden to prove that she suffers from a medically-severe impairment.  *Bowen v. Yuckert*, 482 U.S. 137, 145 n.5 (1987).

Plaintiff contends that the Free Medical Clinic diagnosed her with bipolar depression and that the ALJ failed to address that impairment.  [Entry #8 at 1].  The Commissioner argues that Plaintiff's alleged bipolar disorder was not a medically-determinable impairment.  [Entry #9 at 10].  The Commissioner asserts that the only record from the Free Medical Clinic referencing bipolar disorder was an unsigned patient permission form (Tr. at 368) on which Plaintiff presumably self-reported bipolar disorder.  [Entry #9 at 10].  Plaintiff did not file a reply brief disputing that contention and the undersigned has not located any notes in the Free Medical Clinic suggesting otherwise.  Plaintiff likewise did not dispute the Commissioner's contention that other references to bipolar syndrome in the record do not substantiate the existence of her alleged bipolar disorder as a medically-determinable impairment.  *Id.* at 10–11.  For these reasons, the undersigned recommends a finding that Plaintiff has failed to satisfy her burden of proving bipolar disorder as a medically-severe impairment.  *Bowen*, 482 U.S. at 145 n.5.

Even assuming that the ALJ erred in finding Plaintiff's alleged bipolar disorder not to be severe, Plaintiff has suffered no harm.  *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating a claimant's pain because "he would have reached the same result notwithstanding his initial error").  A finding of a single severe impairment at step two of the sequential

evaluation is enough to ensure that the factfinder will progress to step three. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."). The undersigned agrees with other courts that find no reversible error where the ALJ does not find an impairment severe at step two provided that he considers that impairment in subsequent steps. *See Washington v. Astrue*, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (collecting cases); *Singleton v. Astrue*, No. 9:08-1982-CMC, 2009 WL 1942191, at *3 (D.S.C. July 2, 2009). Here, the ALJ properly considered Plaintiff's bipolar symptoms in determining her RFC. Tr. at 14–16.

To the extent Plaintiff argues the ALJ failed to consider her bipolar disorder in determining her RFC, her argument is unavailing. Pursuant to the governing regulations, in assessing a claimant's RFC, the ALJ must consider all medically-determinable impairments, including impairments that are not "severe." 20 C.F.R. § 404.1545. Thus, even if an ALJ finds that an impairment is non-severe, he is still required to consider it in determining the claimant's RFC.

Here, the ALJ identified Plaintiff's severe impairments at step two and subsequently assessed Plaintiff's RFC. In making that assessment, he specifically referenced Plaintiff's bipolar symptoms and a medical record suggesting that additional testing may be needed to rule out bipolar disorder. Tr. at 14–16, 221. Plaintiff fails to offer any specific argument as to how the RFC assessment was faulty. For these reasons,

the undersigned recommends finding that the ALJ did not improperly omit discussion of Plaintiff's alleged bipolar disorder from his RFC assessment.

As part of her argument regarding her mental impairments, Plaintiff contends that the ALJ erred by stating that she had not required any emergency room ("ER") treatment or inpatient care for her mental complaints. [Entry #8 at 2]. In so arguing, she relies on her involuntary commitment to a psychiatric hospital after expressing suicidal ideations to her therapist on July 15, 2008. *Id.* Plaintiff admits, however, that the commitment was reversed by the ER physician and that she was sent home with her daughter. *Id.* The Commissioner contends that Plaintiff misstated the record by using the term "involuntary commitment" and characterizes the incident as a "referral" to the ER for psychiatric evaluation with involuntary commitment. [Entry #9 at 13]. Regardless of the proper terminology, the ALJ provided a detailed discussion of the July 15, 2008, incident. Tr. at 14. Thus, it is apparent from his decision that he considered the treatment Plaintiff received on July 15–16, 2008, and any error in stating that Plaintiff had not required ER or inpatient treatment was harmless. *See Mickles*, 29 F.3d at 921.

Plaintiff's final argument with regard to her mental impairments seems to be that she might have a somatoform disorder under Listing 12.07. [Entry #8 at 3]. In support of this contention, she has provided no evidence of a diagnosis of somatoform disorder and states only that she has a history of depression and arthritic-like pain. *Id.* Because the record is devoid of any diagnosis of somatoform disorder and Plaintiff has not previously

11

alleged this impairment, the undersigned rejects her argument that the newly-alleged impairment meets a listing.

Based on the foregoing, the undersigned recommends finding that the ALJ properly assessed Plaintiff's alleged mental impairments.

> 2.      The ALJ properly considered evidence of Plaintiff's drug use.

Plaintiff next argues that the ALJ improperly relied on her cannabis dependency as a justification for denying her benefits. [Entry #8 at 2]. The Commissioner contends the ALJ did not deny Plaintiff benefits because she used cannabis; rather, the ALJ considered Plaintiff's illegal substance abuse in assessing her credibility. [Entry #9 at 14].

In assessing the extent to which a claimant's symptoms affect her capacity to perform basic work activities, the ALJ considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4); *see* SSR 96-7p, at *5 ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."). The ALJ stated the following with regard to Plaintiff's marijuana use:

> The claimant testified she had not used marijuana since hospitalization in July 2008. The medical evidence of record show continued marijuana use through at least February 2009 (Exhibits 17E, 5F, 8F and 14F). Report of Contact with Claimant in August 2009 showed the claimant reported continued marijuana use (Exhibit 10E). However, she testified she did not recall having the conversation in the Report of Contact.

Tr. at 19. The ALJ appears to have relied on this inconsistency—along with the objective medical evidence, Plaintiff's activities of daily living, and her minimal specialized treatment—in finding that Plaintiff's testimony "concerning the intensity, persistence and limiting effects" of her symptoms was "not fully credible to the extent" the testimony was inconsistent with the ALJ's determination of her RFC. Tr. at 18. Because it is proper for the ALJ to consider inconsistencies in the record, the undersigned recommends finding that the ALJ did not err in discussing the inconsistencies between the record and Plaintiff's testimony regarding her marijuana use.

        3.        The ALJ properly evaluated the evidence.

Plaintiff's final argument is that benefits should be awarded because she has "presented a full file of medical evidence" documenting medical treatment for her alleged impairments. [Entry #8 at 3]. Merely providing medical evidence does not necessitate a finding of disability. Every disability claimant presents medical evidence, but not every claimant is disabled. Instead, after the evidence has been compiled, the ALJ "make[s] findings about what the evidence shows" and makes a determination of disability on that evidence. 20 C.F.R. § 404.1520b. To the extent Plaintiff now asks the court to reweigh the evidence, that argument is unavailing because it is not within the court's province to weigh conflicting evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence). Because the ALJ properly analyzed the evidence in this case and Plaintiff has failed to specifically identify any way in which the

13

ALJ's finding is not supported by substantial evidence, the undersigned recommends dismissing Plaintiff's final allegation of error.

III.     Conclusion and Recommendation

The court's function is not to substitute its own judgment for that of the Commissioner, but to determine whether her decision is supported as a matter of fact and law. Based on the foregoing, the undersigned recommends the Commissioner's decision be affirmed.

IT IS SO RECOMMENDED.

April 30, 2013                                                    Shiva V. Hodges
Columbia, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).